United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10511
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

THOMAS REEDY, JANICE REEDY

Defendants - Appellants

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-54-1-Y
USDC No. 4:00-CR-54-2-Y
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas and Janice Reedy appeal the sentences imposed
following remand to the district court for resentencing. See
United States v. Reedy, 304 F.3d 358 (5th Cir. 2002). The Reedys
owned and operated a company that provided computerized credit
card verification services to webmasters whose websites contained
adult and child pornography. Janice Reedy (Janice) was
resentenced to 168 months of imprisonment and three years of
supervised release on each of 11 counts, with the sentences to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

run concurrently.  Thomas Reedy (Thomas) was resentenced to 180 months of imprisonment and three years of supervised release on each of 12 counts, with the sentences of imprisonment to run consecutively to the extent necessary to produce a life sentence.

As a threshold issue, we must determine whether we have jurisdiction over Janice's appeal.  This matter was remanded to the district court for a determination of excusable neglect due to the late filing of the notice of appeal.  On remand, the district court denied the motion for an extension of time to file the notice of appeal, holding that Janice had not shown excusable neglect.  Janice argues that this decision was an abuse of discretion because her attorney filed the notice of appeal after Thomas was sentenced due to the attorney's belief that the cases remained consolidated following remand.  The district court found that counsel's failure to timely file amounted to mere inadvertence because counsel had been provided with written notice of the time for appealing and had signed this notice, indicating his understanding of it.  Under these circumstances, the district court did not abuse its discretion.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993).  Because Janice's notice of appeal is untimely, we dismiss her appeal for lack of jurisdiction.  See United States v. Rodriguez, 278 F.3d 486, 489-90 (5th Cir. 2002).

Thomas seeks to revisit several issues that were decided in his prior appeal or that are beyond the scope of this court's

remand for resentencing. In particular, Thomas challenges the district court's determination of the amount of pecuniary gain, the relevant unit of prosecution, and the denial of his motion for a judgment of acquittal based on his contention that the district court impermissibly shifted the burden of proof to the defense. Because these issues are barred by the law of the case, we do not address them. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

Thomas also raises a number of issues for the first time on appeal. Our review of these issues is for plain error. To establish plain error, Thomas must show: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). Thomas asserts that his Sixth Amendment rights were violated pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), because his sentence was increased based on an amount of pecuniary gain found by the district court rather than the jury. Thomas filed his brief prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). In light of Booker, this error is clear and obvious. However, Thomas has not shown that the error affected his substantial rights because, although the district court may have expressed sympathy at the length of his sentence, the court did not indicate that it would have sentenced Thomas differently

under an advisory guidelines scheme. See United States v. Creech, 408 F.3d 264, 272 (5th Cir. 2005). Rather, the court stated that the sentence was appropriate under the facts. Thomas has not established plain error under Booker. United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Thomas also asserts for the first time on appeal that the district court erred by imposing consecutive sentences and by failing to consider the sentencing factors in 18 U.S.C. § 3553(a). The district court imposed consecutive sentences pursuant to U.S.S.G. § 5G1.2(d), and it stated that it found no reason to depart from the guidelines and that the law was vindicated by the sentence. Thomas has not established plain error with respect to the imposition of consecutive sentences. See United States v. Izaquirre-Losoya, 219 F.3d 437, 439-42 (5th Cir. 2000).

Thomas also contends that his sentence of life imprisonment violates the Eighth Amendment. He asserts that he is less culpable than the creators or distributors of child pornography and that his sentence is disproportionate to his offense. Thomas also asserts that the credit card verification services he provided were authorized by the legislation Congress passed requiring webmasters to use credit card verification services to distribute adult pornography. In addition to the ten counts of transporting images of minors engaged in sexually explicit

conduct, Thomas also was convicted of one count of conspiracy to transport such images and one count of possession of child pornography. Although Thomas has no prior criminal convictions, he has pointed to no authority that clearly establishes that the imposition of consecutive sentences under these circumstances renders his sentence grossly disproportionate to his offense. Accordingly, he has not established plain error. See Olano, 507 U.S. at 734; Harmelin v. Michigan, 501 U.S. 957 (1991) (holding mandatory sentence of life imprisonment without parole for possession of 650g of cocaine did not violate the Eighth Amendment).

Thomas argues that the district court erred in resentencing him under 18 U.S.C. § 2252 based on ten different images. He asserts that the Government failed to prove the number of websites that contained the images. The superseding indictment listed each image and the website from which it was obtained. At trial, the investigating officer testified regarding each image and the website from which it was obtained. The district court sentenced Thomas based on its finding that ten different websites were involved in the offense, and it chose one count from each of those websites on which to sentence Thomas. In his prior appeal, Thomas argued that he should have been sentenced based only on the ten websites that contained child pornography. See Reedy, 304 F.3d at 365 n.5. Thomas has not established that the district court clearly erred in resentencing him for ten counts.

As the Government concedes, Thomas has established plain error with respect to the 180-month sentence he received for count 89 (possession of child pornography).  The statutory maximum for this offense is five years of imprisonment. 18 U.S.C. § 2252A(b)(2) (2000).  Accordingly, Thomas's sentence on Count 89 is vacated, and the matter is remanded to the district court for resentencing on this count.  The remainder of Thomas's sentence is AFFIRMED.

> APPEAL DISMISSED AS TO JANICE REEDY; THOMAS REEDY'S SENTENCE ON COUNT 89 IS VACATED AND REMANDED TO THE DISTRICT COURT FOR RESENTENCING; THE REMAINDER OF THOMAS REEDY'S SENTENCE IS AFFIRMED.