United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40484
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO BONUGLI,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:02-CR-1091-ALL

Before JONES, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Bonugli appeals his jury conviction and sentence for conspiracy to possess with intent to distribute more than one thousand kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Bonugli contends that the district court erred in admitting evidence related to the July 28, 1999, shooting at 3208 O'Kane Street in Laredo, Texas.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bonugli was charged with conspiring to possess with intent to distribute more than one thousand kilograms of marijuana from on or about February 2, 1999, to on or about February 16, 2002. Evidence related to the shooting on July 28, 1999, was inextricably intertwined with the charged conspiracy because it placed Bonugli at 3208 O'Kane Street immediately prior to the discovery of approximately eight hundred pounds of marijuana. Therefore, this evidence was intrinsic to the charged conspiracy, and its admission did not violate FED R. EVID. 404(b). See United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992). Moreover, the district court's admission of evidence related to the shooting did not violate FED R. EVID. 403. Bonugli's contentions that no witness directly placed him at the house and that the gunshot residue particles likely came from the hands of the officers who handcuffed him go to the weight of the evidence rather than its admissibility. Also, any undue prejudice from the admission of the challenged evidence was mitigated by the district court's limiting instruction. See United States v. Route, 104 F.3d 59, 63 (5th Cir. 1997). Therefore, the district court did not abuse its discretion in admitting evidence related to the shooting. See United States v. Haese, 162 F.3d 359, 364 (5th Cir. 1998). Nevertheless, even if the district court abused its discretion in admitting evidence related to the shooting, the error was harmless beyond a reasonable doubt given the other substantial evidence of Bonugli's guilt. See United States v. Rodriguez, 43 F.3d 117, 123 (5th Cir. 1995).

2

Bonugli also contends that the district court erred in failing to address him personally and determine whether he wished to make a statement or present any information to mitigate the sentence. Because Bonugli did not object on this basis in the district court, review is for plain error only. United States v. Reyna, 358 F.3d 344, 350 (5th Cir.) (en banc), cert. denied, 541 U.S. 1065 (2004).

We need not decide whether the district court's failure to comply with FED. R. CRIM. P. 32 constituted error that was plain and affected Bonugli's substantial rights because in any event, the district court's error did not seriously affect the fairness, integrity, or public reputation of his sentencing proceeding. See id. at 350-53. Therefore, this court declines to exercise its discretion to correct the error.

Bonugli also contends that the district court erred in failing to state reasons in open court for imposing the two-hundred-ten-month sentence within a guideline range exceeding twenty-four months. Because Bonugli did not object on this basis in the district court, review is for plain error only. United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000).

Assuming arguendo that there was error and it was plain, Bonugli has not demonstrated that the error affected his substantial rights or seriously affected the integrity of the judicial proceeding because his sentence was supported by the record and was

not contrary to law. See id. at 441. Therefore, he has failed to establish plain error.

Finally, Bonugli contends that the district court violated his Sixth Amendment right when it enhanced his sentence based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt. Because Bonugli did not object on this basis in the district court, this court's review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

The district court erred when it sentenced Bonugli pursuant to the mandatory guideline system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). See Valenzuela-Quevedo, 407 F.3d at 733 ("It is clear after Booker that application of the Guidelines in their mandatory form constitutes error that is plain."). However, Bonugli has failed to point to any evidence in the record indicating that the same sentence would not have been imposed had the district court known that the Sentencing Guidelines were advisory. The record itself gives no indication that the district court would have reached a different result under an advisory guidelines system. In fact, the district court sentenced Bonugli near the middle of the guideline range. Given the lack of evidence indicating that the district court would have reached a different conclusion, Bonugli has not demonstrated that his substantial rights were affected, and, thus, he has failed

4

to establish plain error.  See United States v. Mares, 402 F.3d 511, 520-22 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Accordingly, the district court's judgment is AFFIRMED.