IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-40070

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER GUADALUPE IZAGUIRRE-LOSOYA,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

---

July 17, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Javier Izaguirre-Losoya appeals the district court's imposition of a consecutive rather than concurrent sentence. Finding no reversible error, we AFFIRM.

I

The defendant is a citizen of Mexico with an extensive history of criminal behavior. Between 1986 and 1998 he received convictions for voluntary manslaughter, possession of marijuana, burglary of a vehicle, burglary of a building, assault, criminal mischief, robbery, and inhalation of abusable paint. In February 1997, he was finally deported from the United States. In September

1997, he was jailed in Brownsville, Texas after committing a robbery. INS officials found him there, and he was indicted in December 1997 for illegal re-entry. In August 1998 a Texas state court sentenced him to fifteen years in prison for the robbery. In November 1998 he pled guilty in federal court to illegal re-entry.

Before and again at sentencing, the defendant requested a concurrent sentence with his state robbery sentence. The district court sentenced the defendant to serve 77 months in federal prison to run consecutively to the state sentence. The court did not give any reasons for his sentence, stating only that

> [i]t is the judgment of the Court the defendant, Javier Guadalupe Izaguirre-Losoya, is hereby committed to the custody of the Bureua of Prisons for a term of 77 months. The terms of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment under 98-407-C, state conviction.

On appeal, the defendant's counsel filed an Anders brief, stating that no non-frivolous issues existed, and requested to withdraw.

This court denied the motion and requested counsel to brief the issue of whether the district court's failure to explicitly consider factors set forth in 18 U.S.C. § 3553(a) when deciding to impose a consecutive sentence merits resentencing.[1] Defense counsel did so, additionally citing 18 U.S.C. § 3553(c)'s requirement that the district court must state in open court its reasons for imposing a particular sentence.

---

[1]In determining whether to impose a concurrent or consecutive sentence, the court must consider the factors in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b). Section 3553(a) requires the court to consider numerous factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," and "the kinds of sentences available."

The United States Sentencing Guidelines require concurrent sentencing if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the <u>offense</u> <u>level</u> for the instant offense."[2]

The defendant argues because his criminal history category was based on a consideration of his undischarged state sentence for robbery, a concurrent sentence was required. This argument fails for two reasons. First, his criminal offense <u>history</u> is separate from and does not affect his offense <u>level</u> even if it does affect the range of potential punishment. In other words, the defendant's offense level of 21 for his illegal re-entry offense was not based on the defendant's commission of the recent robbery, but instead was based on a base offense level of 8 for illegal re-entry, increased by 16 because the prior offense which resulted in deportation was an aggravated felony - burglary of a building. Finally, the offense level was reduced by 3 because the defendant entered a guilty plea expeditiously. None of these calculations was based on the recent state robbery offense.

Second, even without the recent robbery, which contributed 3 points to his criminal history score of 19, the defendant's criminal history category would have been the same, since any criminal history score above 12 results in a criminal history

---

[2]U.S.S.G. § 5G1.3(b) (emphasis added).

category of VI.[3]    Thus, there is no merit to the claim that the district court was required to give a concurrent sentence.

III

The defendant correctly notes, however, that the district court failed to explicitly consider factors enumerated in 18 U.S.C. § 3553(a) when imposing a consecutive sentence.[4]  Other circuits that have addressed this issue subscribe to the principle that, absent a contrary indication in the record, a district court will be presumed to have considered and weighed the § 3553(a) factors when making the choice between consecutive and concurrent sentences.[5]   This approach is based on the presumption that district courts know the applicable law and apply it correctly.[6] It is also based on the belief that "Congress never intended . . . for sentencing to become a hyper-technical exercise devoid of common sense."[7]

---

[3]See id. Ch. 5, Pt. A, Sentencing Table.

[4]The defendant's objection to the district court's failure to consider the § 3553(a) factors was preserved by the defendant's repeated requests for a concurrent sentence.  See United States v. Richardson, 87 F.3d 706, 710 (5th Cir. 1996).

[5]See United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999); United States v. Johnson, 138 F.3d 115, 119-20 (4th Cir. 1998); United States v. Velasquez, 136 F.3d 921, 924 (2d Cir. 1998); United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir. 1991).

[6]See Cervantes-Valenzuela, 931 F.2d at 29.

[7]Johnson, 138 F.3d at 119.

4

In United States v. Richardson,[8] this court considered this same issue.  The district court had denied the defendant's request for a concurrent sentence, and the defendant appealed, claiming that the district court had failed to accord any consideration to the § 3553(a) factors.[9]  The district court did not mention § 3553(a) or any of the relevant factors.  The district court merely stated that it believed that the sentence imposed "adequately address[es] the sentencing objectives of punishment and deterrence."[10]

The panel concluded that "this sole statement by the district court evinces due consideration to the § 3553(a) factors."[11]  This court found that the district court's statement "impli[ed] a general consideration by the district court of several of the [§ 3553(a)] factors" and, despite its vagueness, was not "so lacking as to evince a disregard of the § 3553(a) factors."[12]

Other circuits that have considered this issue require that the record merely not evidence a disregard for the § 3553(a) factors. We read Richardson to impose little more and hold that it is satisfied so long as the proceedings imply consideration of the § 3553(a) factors. In this case, unlike Richardson, the district court did not make a statement on the record from which such

---

[8] 87 F.3d 706, 711 (5th Cir. 1996).

[9] See id. at 708-09.

[10] Id. at 711.

[11] Id.

[12] Id.

5

consideration can be inferred.  However, the district court was advised of those factors by the PSR and by the arguments of defense counsel.[13]  Absent a contrary indication in the record, such evidence implies that the district court was aware of and considered the § 3553(a) factors.

IV

Our analysis does not stop here, however.  Section 3553(c) separately requires that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."  In United States v. Rose,[14] the Tenth Circuit excused the district court for failing to explain its consideration of the § 3553(a) factors on the record, but nevertheless vacated the sentence because the district court had failed to comply with § 3553(c) by giving reasons for imposing a consecutive sentence.[15] The court in Rose observed that although the defendant's conduct justified a consecutive sentence, the district court's failure to provide any rationale prevented the appellate court from being able to determine whether the district court had abused its discretion

---

[13]The addendum to the PSR advised the court that it had the discretion to impose either a concurrent or consecutive sentence and that this choice was to be guided by the § 3553(a) factors.  Moreover, the PSR advised the court regarding the defendant's situation vis-à-vis several of the § 3553(a) factors, including the defendant's criminal history, drug addiction, and undischarged state sentence.  See § 3553(a)(1); § 3553(a)(2)(D); U.S.S.G. § 5G1.3, comment (n.3).  Defense counsel also requested consideration of various of the § 3553(a) factors, including the defendant's criminal history, the trivial nature of the illegal re-entry offense, and the types of sentences available in the case.  See § 3553(a)(1)-(3).

[14]185 F.3d 1108 (10th Cir. 1999).

[15]See id. at 1111-13.

6

and left it in a "zone of speculation."[16]   The Ninth Circuit has ruled similarly.[17]

The defendant, however, did not object to the district court's failure to explain the reasons for its imposition of the sentence as required under § 3553(c).  Thus, our review is for plain error only.[18]  Under this standard, we may correct forfeited errors only if "(1) there is an error, (2) that is clear or obvious, and (3) that affects [the defendant's] substantial rights."[19]  Even if those factors are met, however, correction of the error is discretionary and this court  "will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[20]

Even assuming that the district court's failure to state the reasons for the particular sentence was an error that was clear or obvious, the defendant has not shown that the error affected his substantial rights. The district court was not required to impose

---

[16]Id. at 1112.

[17]See United States v. Conkins, 9 F.3d 1377, 1385 (9th Cir. 1993).

[18]See United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999) (adopting plain error standard for failure to comply with § 3553(c)).  The government in the present case did not argue that the plain error standard applies.  We may apply the standard sua sponte, however, because "no party has the power to control our standard of review."  United States v. Milton, 147 F.3d 414, 420 n.* (5th Cir. 1998) (quoting United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir. 1992)).

[19]United States v. Ferguson, 211 F.3d 878, 886 (5th Cir. 2000).

[20]Id. (citing United States v. Olano, 507 U.S. 725, 735-36 (1993)).

a concurrent sentence,[21] and was within its discretion to impose a consecutive sentence given the defendant's extensive criminal background.[22] The parties apprised the district court of the reasons for and against a consecutive sentence.[23] The district court rejected the government's request for a longer term of imprisonment and rejected the defendant's request for a concurrent sentence, reflecting a balanced consideration of the competing statutory factors.[24] As such, the sentence imposed was supported by the record and not contrary to law. The district court's failure to articulate precise reasons for imposing the sentence did not impair the defendant's substantial rights.

Nor do we find that any error under § 3553(c) affected the fairness, integrity, or public reputation of judicial proceedings. Instead, under these circumstances, remand to comply with the dictates of § 3553(c) would be an empty formality and waste of judicial resources.

---

[21]See supra Part II.

[22]In determining whether to impose a consecutive or concurrent sentence, § 3553(a) allows consideration of the "history and characteristics of the defendant," the need "to promote respect for the law," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B), (2)(C). The defendant's criminal history suggests that a consecutive sentence was necessary to address many of the § 3553(a) considerations.

[23]See supra note 13.

[24]The defendant argued that his current offense – illegal re-entry – was relatively trivial, and the court rejected the government's request for an 89-month, rather than 77-month, term of imprisonment. The sentence imposed thus demonstrates a balancing of the competing concerns found in § 3553(a). See supra note 22. On the one hand, the illegal re-entry offense may not have warranted the longer term of imprisonment, but on the other hand, this particular defendant has shown no ability to conform his behavior with the law. Such concerns support the imposition of the shorter term of imprisonment, but imposed consecutively.

AFFIRMED.