IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50327

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY TYRONE GOOSBY,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas

---

(MO-00-CR-134-1)
May 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Kerry Tyrone Goosby appeals his conviction, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that certain comments of the prosecutor impermissibly shifted the burden of proof to the defense. Finding no error, plain or otherwise, we affirm.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After an audio tape of Goosby's admission that he had given a firearm to Jackie Lennard was admitted into evidence, along with statements Goosby made to police that he had obtained the gun for Lennard, Goosby took the stand and testified that the gun to which he was referring on the tape was in fact a homemade "tattoo gun" and he had lied to the police when he gave his statement.  The prosecution, on cross-examination, asked Goosby whether or not there were any witnesses who could testify that they had seen him with a tattoo gun or saw him give a tattoo gun to Jackie Lennard.

Goosby did not object to portions of the cross-examination at issue here, and therefore our review is for plain error only.  We will reverse only if there is (1) error, which is (2) plain, (3) the error affects substantial rights, and (4) also seriously affects the fairness, integrity, or public reputation of the proceedings.[1]

The prosecutor cannot shift the burden of proof to the defendant in a criminal trial.[2]  However, the prosecutor is free, without fear of reversal, "to comment on the defendant's failure to produce evidence on a phase of the defense upon which he seeks to rely."[3]  The questioning of the prosecution in this case amounted to nothing more than an inquiry into the lack of evidence

---

[1] *United States v. Izaguirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000).

[2] *United States v. Bermea*, 30 F.3d 1539, 1563 (5th Cir. 1994).

[3] *United States v. Mackay*, 33 F.3d 489, 496 (5th Cir. 1994) (quoting *United States v. Dula*, 989 F.2d 772, 777 (5th Cir. 1993)).

supporting Goosby's "tattoo gun" defense.  We find no error here.[4]

Furthermore, even assuming the existence of error, it does not meet

the high threshold necessary for reversal on plain error review.

AFFIRMED.

---

[4] *See United States v. Robles-Vertiz*, 155 F.3d 725, 730-31 (5th Cir. 1998) (finding no error where prosecutor, in closing argument, commented on defense's lack of evidence supporting honest mistake theory by imploring the jury to "[a]sk ... where the evidence is."); *Mackay*, 33 F.3d at 496 (finding no error where prosecutor commented on defendant's lack of evidence of lawful purchase of backhoe where defense had referred to legitimate sale in opening argument).