IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21140
c/w No. 01-21142
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO JAVIER REYNA, SR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-273-1
--------------------

November 7, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Francisco Javier Reyna, Sr., is appealing the sentences imposed following his guilty plea convictions for conspiracy to possess with intent to distribute five or more kilograms of cocaine and for possession with intent to distribute five or more kilograms of cocaine.  Reyna argues that the district court plainly erred in failing to verify that he and his counsel read and reviewed the presentence report (PSR) prior to sentencing.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court failed to comply with FED. R. CRIM. P. 32(c)(3)(A) that requires the district court to verify that the defendant have read and discussed the PSR. However, Reyna has failed to show that his substantial rights were affected by the district court's error. He has failed to assert or demonstrate that the PSR contained factual inaccuracies that he could have challenged if he had reviewed the report earlier. Further, he did not assert in the district court and has not argued on appeal that he did not review the PSR with his counsel. Because he has failed to demonstrate any prejudice arising from the error, he has failed to demonstrate plain error with respect to this issue. See United States v. Esparza-Gonzalez, 268 F.3d 272, 273-74 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002).

Reyna argues that the district court also plainly erred in failing to provide reasons for the particular sentences imposed in violation of 18 U.S.C. § 3553(c)(1). Although the district court failed to articulate reasons for the sentence imposed, it listened to the positions of both parties relative to Reyna's role in the offense and the appropriate sentence to be imposed, considered and adopted the findings in the PSR, and commented on Reyna's leadership role in the offense. Insofar as the Government's counsel expressed an opinion as to the extent of Reyna's drug-trafficking activities, the assertion was supported by Reyna's own admissions and the other findings in the PSR. It can be inferred from the record that the district court chose the

particular sentences imposed in light of Reyna's extensive history and involvement in drug-trafficking activities. Reyna has not demonstrated that the district court's failure to articulate specific reasons for the sentences affected his substantial rights or seriously affected the integrity of the judicial proceeding. Thus, he has failed to show plain error. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000); United States v. Gore, 298 F.3d 322, 324 (5th Cir. 2002).

Reyna argues that 21 U.S.C. §§ 841(a), (b) are unconstitutional because the drug type and quantity involved in an offense should be treated as elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 455 (2000). He acknowledges that this argument is precluded by this court's decision in United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001), but wishes to preserve the issue for further review.

This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Reyna's challenge to the constitutionality of § 841 is foreclosed by this court's precedent. The sentences imposed are AFFIRMED.