United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50347
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODGER DALE NORMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(No. W-01-CR-62-1)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rodger Dale Norman pleaded guilty to theft of government property. He was sentenced to five years of probation and was ordered to pay restitution. Norman failed to abide by the terms of his probation, and it was revoked. He was sentenced to six months in the custody of the Bureau of Prisons and three years of supervised release. His supervised release was subsequently revoked for violations, and he was ordered to serve 120 days in community confinement. Another petition for violation of supervised release was filed, and Norman pleaded true to four

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations of the conditions of his supervised release. The district court sentenced him to two years of imprisonment. Norman appeals from this sentence, arguing that it is plainly unreasonable, and that the district court erred by failing to articulate its reasons for imposition of the sentence or its consideration of the applicable statutory factors in 18 U.S.C. § 3553(a), including the policy statements in Chapter 7 of the sentencing guidelines.

The district court was fully familiar with Norman's background and conduct, and it specifically rejected the suggested guidelines range in Chapter 7. Norman's sentence was within the statutory maximum and was not plainly unreasonable. See United States v. Mathena, 23 F.3d 87, 93-94 (5th Cir. 1994). Under the applicable standard of review (plain error) and the circumstances of this case, we conclude that the district court's alleged failure to state the reasons for imposition of sentence or to articulate its consideration of the relevant factors under § 3553 (including the policy statements) was not plain error. See United States v. Gonzalez, 250 F.3d 923, 930-31 (5th Cir. 2001); United States v. Izaguirre-Losoya, 219 F.3d 437, 441-42 (5th Cir. 2000). AFFIRMED.