United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11093
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO RAMOS-LIRA, also known as Fernando Ortiz-Duartes,
also known as Fernando Arto-Duran,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-87-ALL-C
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Eduardo Ramos-Lira, also known as Fernando Ortiz-Duartes and
Fernando Arto-Duran, appeals the 24-month sentence imposed by the
district court after it revoked his supervised release.

He contends that the district court erred in failing to
explicitly or implicitly consider the factors set forth in 18
U.S.C. § 3553(a) and in failing to state its reasons for imposing
sentence pursuant to 18 U.S.C. § 3553(c).  Because Ramos-Lira did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not object to the district court's alleged errors at the revocation hearing, they are reviewed for plain error.  See United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001).

The record in this case demonstrates that the district court implicitly considered the 18 U.S.C. § 3553(a) factors when it sentenced Ramos-Lira.  The district court was informed of the nature and circumstances of the original conviction, the instant violations, the pending indictment, and Ramos-Lira's criminal history.  In fact, the district judge who revoked Ramos-Lira's supervised release was the same judge who presided over the case that formed the basis for his revocation.  Further, the district court was aware of Ramos-Lira's mental difficulties as evidenced by defense counsel's statements at the revocation hearing.  The district court acknowledged the pertinent guideline policy statements when it found the applicable violation grade and criminal history category.  The district court's decision to depart from the suggested guideline range of 12 to 18 months and impose a 24-month sentence with no further supervised release implies that it took into consideration Ramos-Lira's recidivism and the need to deter further criminal conduct.  This court presumes that the district court knew the applicable law and there is no contrary indication in the record to suggest that it did not at least implicitly consider the 18 U.S.C. § 3553(a) factors.  See Gonzalez, 250 F.3d at 930; United States v.

Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000).  Therefore, Ramos-Lira has not demonstrated plain error.

The Government concedes, however, that the district court did not state the reasons for Ramos-Lira's sentence as required by 18 U.S.C. § 3553(c).  Nevertheless, assuming that the district court's failure to state the reasons for the sentence was a clear and obvious error, Ramos-Lira has not shown that this error affected his substantial rights or the fairness, integrity, or public reputation of the judicial proceeding.  See Gonzalez, 250 F.3d at 931; Izaguirre-Losoya, 219 F.3d at 441-42.

Accordingly, the district court's judgment is AFFIRMED.