UNITED STATES of America,
Plaintiff–Appellee,

v.

Beckie BALLARD, also known as
Becky Ballard, Defendant–
Appellant.

No. 04–10575.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 12, 2005.

Charles William Brown, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Lawrence Blake Mitchell, Dallas, TX, for Defendant–Appellant.

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM: *

Beckie Ballard appeals the sentence imposed following her guilty plea to effecting fraudulent transactions with access devices issued to another, in violation of 18 U.S.C. § 1029(a)(5). Ballard contends the district court erred in imposing a sentence to run consecutively to any state sentence that might subsequently be imposed because the district court did not explicitly give as reasons for its sentence the factors enumerated in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3553(c). Ballard's motions to relieve retained counsel and proceed *pro se* on appeal, to file a *pro se* supplemental brief, for release pending appeal, and for appointment of counsel under the Criminal Justice Act are **DENIED.**

In district court, Ballard did not object to the imposition of consecutive sentences. Therefore, we review the sentence only for plain error. *E.g., United States v. Vasquez,* 216 F.3d 456, 459 (5th Cir.), *cert. denied,* 531 U.S. 972, 121 S.Ct. 414, 148 L.Ed.2d 320 (2000). Ballard must show: (1) an error; (2) that is plain; and (3) that affects her substantial rights. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even then, this court retains discretion to correct the plain error; generally, we will not do so unless the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings". *Id.*

The district court did not plainly err. It implicitly considered the factors contained in 18 U.S.C. § 3553(a), such as the defendant's history, when it gave its reasons for the sentence it imposed. *See id.; United States v. Izaguirre–Losoya,* 219 F.3d 437, 439–40 (5th Cir.2000), *cert. denied,* 531 U.S. 1097, 121 S.Ct. 827, 148 L.Ed.2d 709 (2001).

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.