United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41437
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO LLANAS-GARCIA,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-321-ALL

--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Rodolfo Llanas-Garcia (Llanas) appeals the 51-month prison

sentence imposed upon his guilty plea to assaulting a federal agent

causing bodily injury while the agent was performing his official

duties, in violation of 18 U.S.C. § 111(a)(1) and (b). We AFFIRM.

Llanas contends, for the first time on appeal, that his

sentence should be vacated because the district court did not

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

articulate any of the factors set forth in 18 U.S.C. § 3553(a) to the facts of his case, thus failing to exercise or to show that the court exercised its discretion. The plain-error standard of review is applicable. See United States v. Izaquirre-Losoya, 219 F.3d 437, 440-42 (5th Cir. 2000).

Under the discretionary sentencing scheme established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Llanas's sentence is within the guideline range and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 553-55 (5th Cir. 2006). We infer in our reasonableness review that the district court considered the § 3553(a) factors, including Llanas's history and characteristics, in imposing sentence. See Alonzo, 435 F.3d at 554. Consequently, Llanas is not entitled to relief on grounds of plain error. See Izaquirre-Losoya, 219 F.3d at 440-42.

AFFIRMED.