United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41267
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIRSO CASTILLO-ARREOLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 1:04-CR-348-5
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tirso Castillo-Arreola pleaded guilty of conspiracy to transport and harbor aliens within the United States and transporting aliens within the United States. The court sentenced him to the top of the guideline range, 105 months' imprisonment on each count to run concurrently with each other but consecutively to his other sentences. The court stated that it adopted the findings of the

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report and considered the evidence adduced at the trial of Castillo-Arreola's co-defendants.

Castillo-Arreola argues that the court imposed the sentence without consideration of the sentencing factors in 18 U.S.C. § 3553(a). Because counsel raised no objection to the court's statement of its justification or lack thereof for the sentence, we review only for plain error. See United States v. Akpan, 407 F.3d 360, 368 (5th Cir. 2005) (citations omitted).

The decision in United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005), is dispositive. There we stated unequivocally that "[i]f the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Id. at 519. Castillo-Arreola does not argue that his sentence is unreasonable or that his guideline range was improperly calculated. Because the sentence is within the guideline range, we infer that the district court considered the § 3553 factors. See Mares, id.; United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000). Castillo-Arreola has failed to show plain error in his sentencing.

AFFIRMED.