United States Court of Appeals

Fifth Circuit

**F I L E D**

**May 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50611
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VISHNU K. SRENEVASAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-426
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to attempted bank robbery by extortion, Vishnu K. Srenevasan appeals his 92-month sentence. Srenevasan does not dispute that an upward departure from the advisory Sentencing Guidelines was warranted in his case, but he argues that the extent of the departure was unreasonable. Srenevasan contends that there is no evidence that his offense caused greater emotional trauma than is typical in an attempted robbery or extortion; that the district court's finding that the victim suffered psychological injury is not supported by expert

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence; and that the district court failed to consider Srenevasan's lack of criminal history and the likelihood that he will be deported to India after serving his sentence.

As Srenevasan did not object to the lack of expert testimony concerning the victim's psychological state, we review this argument for plain error and find none. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000).

In addition to departing upward pursuant to U.S.S.G. § 2B3.2, comment. (n.8) based on Srenevasan's threats to the victim's family, the district court concluded that an upward departure was necessary based on the nature and circumstances of the offense; to reflect the seriousness of the offense; to provide just punishment and adequate deterrence; and to protect the public. See 18 U.S.C. § 3553(a). In light of the facts of this case and the foregoing sentencing factors, we conclude that the upward departure was within the discretion of the district court and that Srenevasan's sentence was not unreasonable. United States v. Saldana, 427 F.3d 298, 310 (5th Cir. 2005), cert. denied, 126 S. Ct. 1097 (2006); United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006).

AFFIRMED.