United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2007**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────

No. 06-51357
Summary Calendar

───────────

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEOPOLDO ALMANZA-SILVA

Defendant-Appellant

───────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-857

───────────────────

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Leopoldo Almanza-Silva pleaded guilty to violating 8 U.S.C. § 1326 by reentering the United States after having been deported. His first contention, which challenges our precedents holding that properly calculated guidelines sentences are presumed to be reasonable, fails in light of the decision in Rita v. United States, 2007 WL 1772146 (U.S. June 21, 2007) (No. 06-5754).

───────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almanza-Silva's second argument is that his sentence is unreasonable because he requested a sentence below the guidelines range and the district court imposed sentence without considering all of his reasons for a lower sentence and without giving sufficient weight to his arguments about the 18 U.S.C. § 3553 factors. More specifically, the three errors that Almanza-Silva attributes to the district court are that it gave: (1) too little weight to his argument that he reentered the United States to help his family, (2) too much weight to an 18-year-old felony conviction, and (3) too little weight to his relative lack of criminal history. He does not contend that the guidelines range was improperly calculated.

A sentence within a properly calculated guidelines range is entitled to great deference. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). In reviewing such a sentence, we merely ask whether the district court abused its discretion in imposing it. Rita, 2007 WL 1772146, *9.

We reject Almanza-Silva's contentions. Our review of the record does not reveal that the district court failed to address, or improperly balanced, the sentencing factors set forth in § 3553(a).

Almanza-Silva presented no evidence that his illegal reentry into the United States to help his family in Mexico constituted circumstances "special enough that, in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide." Rita, 2007 WL 1772146, * 14. Additionally, we are unable to conclude that the district court abused its discretion in its weighing of Almanza-Silva's criminal history, not least his repeated illegal entries into the United States. Almanza-Silva has not shown that his sentence was unreasonable.

Almanza-Silva also argues that the district court failed to give reasons for his sentence. Because he did not raise this objection in the district court, it is subject to plain-error review on appeal. See United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000). Section 3553(c) requires that a district court

state its reasons for imposing a guideline sentence.  The district court satisfied its obligation under § 3553(c) by adopting the presentence report and the guidelines calculations.  See United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).  Consequently, we find no err.

Finally, Almanza-Silva's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S.224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and has been undermined by Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).  Almanza-Silva properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.