IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-50594
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JASPER THOMAS CHAVEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-155-ALL

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jasper Thomas Chavez appeals the 24-month sentence imposed upon revocation of his supervised release term.  Finding no error, we affirm.

Chavez contends that the district court failed to articulate specific reasons for imposing a sentence that exceeded the advisory guidelines range of three to nine months.  Because Chavez raised no objection in the district court, we review for plain error.  See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000).  Under plain error review, "we may correct forfeited errors only if '(1)

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there is an error, (2) that is clear or obvious, and (3) that affects [the defendant's] substantial rights.'" Id. (quoting United States v. Ferguson, 211 F.3d 878, 886 (5th Cir. 2000)). "Even if those factors are met . . . correction of the error is discretionary and this court 'will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Ferguson, 211 F.3d at 886).

Even if we assume arguendo that the failure of the district court to articulate reasons for imposing the sentence constitutes error that is plain, we find no reason to reverse. The sentence imposed was within the applicable statutory maximum of 24 months. Further, Chavez previously violated his supervised release conditions but was allowed to continue on supervision. The probation officer made adjustments, including the suspension of drug testing, to accommodate Chavez's employment. Despite these prior accommodations, Chavez drove while intoxicated and was in an accident that occurred while he was driving a van owned by his employer. He then failed to report his subsequent arrest to his probation officer. Given these facts, the district court reasonably could have concluded that a substantial sentence was needed to provide appropriate punishment and deterrence and to protect the public. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C). We have affirmed revocation sentences exceeding the advisory range up to the statutory maximum under standards more generous than plain error. See, e.g., United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005). For these reasons, we conclude that any district court error in failing to articulate reasons for the sentence did not affect Chavez's substantial rights, nor would such error warrant the exercise of our discretion to correct it. See Izaguirre-Losoya, 219 F.3d at 441-42.

For the foregoing reasons, the judgment of the district court is AFFIRMED.