United States Court of Appeals
Fifth Circuit

F I L E D

April 25, 2008

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-10736
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREW EUGENE BYRD,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 7:06-CR-28-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andrew Byrd appeals the sentence imposed after he pleaded guilty to two counts of possession with intent to distribute a controlled substance, one count of possession of a firearm in furtherance of a drug-trafficking crime, and one count of being a felon in possession of a firearm. Byrd concedes that the sen-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tence was at the bottom of the properly calculated sentencing guideline range.

Byrd contends that the court regarded the guidelines as mandatory. We presume, to the contrary, that the court knew the applicable law and applied it correctly. United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000). The court listened to Byrd's arguments for a non-guideline sentence, and the record does not suggest in any way that the court ignored those arguments or was unable or unwilling to understand and apply the advisory guideline system. Moreover, in the Statement of Reasons for the sentence, the court plainly recognized that the guidelines are advisory. This contention is devoid of merit.

Byrd contends the sentence is unreasonable because the district court offered no explicit reasons. See 18 U.S.C. § 3553. This contention is reviewed for plain error, because Byrd did not object at sentencing to the lack of reasons. See Izaguirre-Losoya, 219 F.3d at 441.

A sentence within the proper guideline range is presumed reasonable, and the court imposing it is presumed to have considered the § 3553(a) factors, which are embodied in the guidelines. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007). Further, circumstances show that the court rested its decision on its reasoning that the guidelines sentence is proper. See id. The court invited and listened to Byrd's extensive arguments for a non-guideline sentence and implicitly found them unpersuasive, though it accepted Byrd's alternative request for a sentence at the bottom of the range. The requirement for reasons was also satisfied when the court indicated the correct range and adopted the findings and recommendation of the revised presentence report. See United State v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).

Byrd does not rebut the presumption of a reasonable sentence by showing any clear or obvious error that affected his substantial rights or seriously affected the fairness and integrity of the proceedings. See id. The judgment of sentence is AFFIRMED.