# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-40765
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES ADRIAN DOZEMAN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-57-ALL

Before JONES, Chief Judge, and CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles Adrian Dozeman appeals the 24-month sentence imposed by the district court following the revocation of his supervised release. He argues that the sentence is procedurally and substantively unreasonable because it was colored by the district court's frustration with Dozeman, Dozeman's attorney, and the probation officer and because the district court did not consider Dozeman's admitted 40-year substance abuse problem and his diagnosed schizotypal personality disorder.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Dozeman did not object to the procedural reasonableness of the sentence in the district court, review is limited to plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978). To show plain error, Dozeman must demonstrate that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected substantial rights. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000). In order for an error to affect substantial rights, it must have been prejudicial, that is, it must have affected the outcome of the proceedings. United States v. Olano, 507 U.S. 725, 734 (1993). In addition, this court will not exercise its discretion to correct the forfeited error unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Izaguirre-Losoya, 219 F.3d at 441.

Dozeman has not shown that the 24-month sentence imposed by the district court following the revocation of his supervised release is procedurally or substantively unreasonable or plainly unreasonable. See United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008). Although the 24-month sentence exceeded the advisory guidelines range, it did not exceed the statutory maximum. See 18 U.S.C. §§ 3559(a), 3583(e)(3). This court has routinely upheld the reasonableness of revocation sentences in excess of the advisory range but within the statutory maximum. See McKinney, 520 F.3d at 427-28; United States v. Smith, 417 F.3d 483, 492 (5th Cir. 2005). Further, the district court articulated its reasons for imposing the sentence, including Dozeman's refusal to abide by the terms of his supervised release in the past or in the future, his refusal to stop using alcohol and drugs, and his refusal to participate in either drug treatment programs or mental health treatment programs. For these reasons, Dozeman has not shown that the sentence imposed following the revocation of his supervised release is procedurally or substantively unreasonable or plainly unreasonable. See McKinney, 520 F.3d at 428.

AFFIRMED.