IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-10948
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN MARTINEZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-47-1

Before JONES, Chief Judge, and STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Martinez, Jr., appeals the sentence imposed following the revocation of his supervised release. He contends that after United States v. Booker, 543 U.S. 220 (2005), sentences imposed upon revocation of supervised release are reviewed under the reasonableness standard. Further, he argues that the sentence imposed above the recommended range was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a) and the district court failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

articulate any reasons for imposing the sentence.  Because Martinez did not object in the district court to the reasonableness of his sentence or to the district court's failure to state reasons for the sentence imposed, review is for plain error. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007).

The district court sentenced Martinez to 18 months of imprisonment. Martinez's sentence, while in excess of the 5 to 11-month range indicated by the policy statements, was within the 24-month statutory maximum term of imprisonment that the district court could have imposed.  See 18 U.S.C. §§ 3559(a)(3), 3583(e)(3); 21 U.S.C. §§ 841(b)(1)(C), 846; U.S.S.G. § 7B1.4(a). Therefore, Martinez's sentence was neither unreasonable nor plainly unreasonable, and he has not shown plain error.  See Jones, 484 F.3d at 786, 792.  Further, even if the district court's failure to articulate reasons for the sentence imposed constituted plain error, Martinez has failed to show that the error affected his substantial rights because the 18-month sentence was supported by the record and not contrary to law.  See United States v. Izaguirre-Losoya, 219 F.3d 437, 441-42 (5th Cir. 2000).  Finally, any error in failing to articulate reasons for the sentence imposed would not affect the fairness, integrity, or public reputation of the judicial proceedings.  See id. at 442.

Accordingly, the district court's judgment is AFFIRMED.