# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30257
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WEBSTER DETILLIER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-360-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Webster Detillier appeals the 18-month sentence imposed following revocation of his second term of supervised release. He contends that imposition of the statutory maximum sentence on revocation of supervised release was procedurally unreasonable because it was based on the erroneous policy of imposing the statutory maximum term of imprisonment and deviating from the statutory maximum in only "very rare cases." As Detillier did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not raise this argument in the district court, our review is for plain error. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Detillier must demonstrate that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected his substantial rights. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000). For an error to affect substantial rights, it must have been prejudicial, that is, it must have affected the outcome of the proceedings. United States v. Olano, 507 U.S. 725, 734 (1993). In addition, we will not correct the forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Izaguirre-Losoya, 219 F.3d at 441.

Following a revocation of supervised release, the district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute for the revocation sentence. See 18 U.S.C. § 3583(e)(3). In doing so, the district court is to consider the factors set forth in 18 U.S.C. § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. United States v. Mathena, 23 F.3d 87, 90 (5th Cir. 1994). Although Detillier asserts that the district court procedurally erred in sentencing him based on a policy of imposing the statutory maximum as a matter of course in revocation proceedings, the record does not clearly show that the district court based Detillier's revocation sentence on such a policy. "[E]ven before Booker,[1] the policy statements in § 7B1.4 of the Sentencing Guidelines were recognized as advisory only." Jones, 484 F.3d at 792 (citation omitted). The record reflects that the district court considered but rejected the guidelines range set forth in those policy statements for reasons it detailed during the revocation hearing. See id.

Contrary to Detillier's assertions, the record reflects that the district court considered his argument that he had complied with all of the conditions of

---

[1] United States v. Booker, 543 U.S. 220 (2005).

supervised release except for the completion of the Odyssey House program. The district court determined that an 18-month sentence was appropriate because Detillier had "been given two opportunities to rehabilitate himself through treatment and supervision, and ha[d] not effectively availed himself of those opportunities." Detillier's sentence was authorized, and the district court implicitly considered the § 3553(a) factors. We will not reweigh those factors. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Detillier's sentence was not unreasonable, plainly or otherwise, and he has not shown plain error. See Jones, 484 F.3d at 792.

AFFIRMED.