# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-50371
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALVARO ENRIQUE VIAFARA-CAICEDO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-790-ALL

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alvaro Enrique Viafara-Caicedo appeals his sentence following a guilty plea to being in the United States illegally after deportation. His 52-month sentence was above the advisory guidelines range of 33 to 41 months and was imposed outside the guidelines system.

We generally review sentences for reasonableness in light of the sentencing factors of § 3553(a). United States v. Booker, 543 U.S. 220, 261

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005). Sentences inside or outside the advisory guidelines range are typically reviewed for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

We first determine whether the sentence is procedurally unreasonable due to a procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Id. If the sentence is procedurally reasonable, we consider whether it is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. When a sentence is outside the Guidelines, we give deference to the sentencing court's decision that the § 3553(a) factors justify the variance. Id.

At sentencing, Viafara-Caicedo acknowledged that he had an extensive criminal history, but he pleaded for a lenient sentence based on his family circumstances. He did not object to the district court's explanation of its reasons for selecting a sentence outside the advisory sentencing guidelines range or challenge the procedural reasonableness of his sentence. Arguably, his appellate challenge to his sentence is reviewed for plain error only. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008); see also United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000) (applying plain error review to claim that district court gave inadequate reasons for sentence). To prevail on plain-error review, a defendant must show a clear or obvious error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If he does so, this court has the discretion to correct the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736. In any event, Viafara-Caicedo's

claims fail under either plain error review or the typical review for abuse of discretion.

Viafara-Caicedo argues that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the sentencing court did not consider the mitigating evidence that he offered at the sentencing hearing. The record makes it clear that the district court considered the sentencing evidence, the parties' arguments, and the sentencing factors set forth in § 3553(a) and that it imposed a sentence outside the advisory guidelines because of Viafara-Caicedo's extensive criminal history. The law requires no more. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007).

Viafara-Caicedo has not shown that his sentence is procedurally or substantively unreasonable. See Gall, 128 S. Ct. at 597. Because Viafara-Caicedo has not made a showing of error or abuse of discretion, the district court's judgment is AFFIRMED.