# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-40294 c/w 08-40296
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CEDRIC ROMONE GARDNER,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CR-27-1
USDC No. 5:04-CR-3-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cedric Romone Gardner appeals from his convictions of conspiracy to distribute cocaine and conspiracy to launder money. Gardner contends that the two-level adjustment to his offense level for his role in the offense violated United States v. Booker, 543 U.S. 220 (2005), because the enhancement was not included in the indictment and his statements were insufficient to establish facts to support an adjustment based on his role in the offense. Gardner also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his 133-month sentence for money-laundering conspiracy was erroneous because the presentence report indicated that a 21–27 month sentence was appropriate.

The Government contends that Gardner's contentions were waived by the appeal-waiver provision of his plea agreement. However, the prosecutor explained the plea agreement at Gardner's rearraignment in terms indicating that Gardner could appeal any sentencing issues, contrary to the terms of the written plea agreement. The appeal-waiver provision will not be enforced. See United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999).

Gardner was sentenced in 2004, before Booker was decided. In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244.

Gardner may have invited any error as to the two-level adjustment by agreeing to it (as opposed to the four-level adjustment recommended by the probation officer). However, we review for plain error out of an abundance of caution. See United States v. Fernandez-Cusco, 447 F.3d 382, 384 (5th Cir. 2006). To show plain error, Gardner must demonstrate that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected his substantial rights. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000). In order for an error to affect substantial rights, it must have been prejudicial, that is, it must have affected the outcome of the proceedings. United States v. Olano, 507 U.S. 725, 734 (1993). In addition, this court will not exercise its discretion to correct the forfeited error "unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Izaguirre-Losoya, 219 F.3d at 441 (quoting United States v. Ferguson, 211 F.3d 878, 886 (5th Cir. 2000)). In order to demonstrate prejudice in the Booker context, the defendant must show "that the sentencing judge—sentencing under

an advisory scheme rather than a mandatory one—would have reached a significantly different result." United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

Gardner cannot demonstrate that any Booker error as to the two-level adjustment was prejudicial to him. The district court imposed a sentence in the middle of the applicable 121–151 month guideline sentencing range and commented that Gardner probably deserved a longer prison term. The district court noted the history of Gardner's case and the financial transactions involving the purchase of his home then concluded that Gardner was "not a newcomer to drugs and the sale of drugs." However, the district court noted that none of Gardner's criminal history was drug related. Gardner cannot show that the district court would have imposed a lower sentence under an advisory guideline sentencing scheme. See id.

Gardner did not object in the district court that his sentence for money-laundering conspiracy should have been within the 21–27 month range provided in the PSR. Gardner's contention is reviewed for plain error. See Izaguirre-Losoya, 219 F.3d at 441.

Gardner's drug-conspiracy and money-laundering-conspiracy offenses were grouped for sentencing as closely related counts, pursuant to United States Sentencing Guidelines § 3D1.2. The offense level relevant to the drug conviction therefore was used for both convictions, pursuant to § 3D1.3(a), which advises district courts to use the offense level for the most serious count in a group, rendering the calculations for the money-laundering conspiracy conviction irrelevant to the final sentence imposed. Gardner does not contend that the grouping of his offenses was erroneous. See United States v. Rice, 185 F.3d 326, 328-29 (5th Cir. 1999) (applying grouping rules where a defendant was convicted of closely related drug and money-laundering offenses). Moreover, Gardner's sentence was below the 20-year statutory maximum sentence for money-

3

laundering conspiracy.  18 U.S.C. § 1956(a)(3), (h).  Gardner has not shown error, plain or otherwise, as to his sentence for money-laundering conspiracy.

AFFIRMED.