# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2010

Lyle W. Cayce
Clerk

No. 09-30097
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-87-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christian Williams appeals the within-guidelines 45-month sentence the district court imposed for his conviction of assaulting a correctional officer. Williams argues that the district court should have imposed his sentence to run concurrently to, rather than consecutively to, his current 480-month sentence. He contends the district court erred by sentencing him as if U.S.S.G. § 5G1.3(a) were mandatory and by failing to justify the imposition of a consecutive sentence using the factors in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Williams did not adequately object in the district court on the grounds he now raises on appeal, we review Williams's claims of procedural error for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). A plain error is a forfeited error that is clear or obvious and that affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009). If these conditions are met, this Court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

It is not clear or obvious from the record that the district court felt constrained by the Guidelines to select a consecutive sentence. Rather, the sentencing transcript reflects that the district court was aware of its discretion to impose a non-Guidelines sentence and considered the factors of 18 U.S.C. § 3553(a) in selecting Williams's sentence. Under these circumstances, Williams has not shown that the district court plainly erred by imposing the Guidelines as mandatory. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).

Further, the district court adopted the facts as stated in the presentence report, articulated specific § 3553(a) factors that weighed heavily in its decision-making, and found that the Guidelines met the requisite sentencing objectives. The reasons given by the district court were sufficient to satisfy us that the district court considered the parties' arguments and that it had a reasoned basis for imposing the 45-month consecutive sentence. *See United States v. Rita*, 551 U.S. 338, 356–58 (2007); *United States v. Izaguirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000). Further, because Williams's challenge to the insufficiency of the district court's stated reasons is lodged against a within-guidelines sentence and is under review for plain error, Williams's claims fail under this Court's precedent. *Mondragon-Santiago*, 564 F.3d at 365. The judgment of the district court is AFFIRMED.