# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2023

Lyle W. Cayce
Clerk

No. 23-20211
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Nolan Sharp,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-189-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Following his conviction for possession of a firearm by a felon and his successful appeal of his original sentence, Nolan Sharp was resentenced to 33 months of imprisonment. The district court ordered his federal sentence to run concurrently with a previously imposed state sentence in Cause Number

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20211

1700807 and consecutively to the state sentence in Cause Number 1706501. Sharp appeals only the imposition of a consecutive sentence.

Sharp first argues that the district court mistakenly believed it lacked discretion to impose a fully concurrent sentence. His request at sentencing for a fully concurrent sentence did not allege or attempt to correct any misunderstanding of the district court's discretion, so plain error review applies to this issue. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Sharp must show that (1) there is "an error or defect"; (2) that error was "clear or obvious, rather than subject to reasonable dispute"; and (3) that the error "affected [his] substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Sharp primarily relies on a statement in a supplemental memorandum from the probation officer that the district court "shall" order the sentence to run consecutively to Cause Number 1706501. He also asserts that his argument is supported by the district court's failure to explicitly discuss the 18 U.S.C. § 3553(a) sentencing factors and the factors in U.S.S.G. § 5G1.3, comment. (n.4(A)). However, we conclude that the relevant statement in the memorandum clearly was part of a sentencing recommendation rather than any indication of a limitation on the district court's discretion. Further, the supplemental memorandum cited U.S.S.G. § 5G1.3(d) which explicitly states: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment . . . ." We also note that the discussions at sentencing clearly and repeatedly indicated to the district court that it had the discretion to impose either a consecutive or a concurrent sentence. Unlike in the cases cited by Sharp, we do not see any statement by the district court indicating that it believed it lacked the discretion to impose a concurrent sentence.

Indeed, the presence of its discretion was clear. We conclude that Sharp has not shown any error, much less that it was clear or obvious.

In addition, Sharp argues that the district court failed to comply with requirements that it consider the § 3553(a) factors or the § 5G1.3 factors when deciding between a concurrent or consecutive sentence. In a related argument, he argues that the district court failed to adequately explain its decision. Again, Sharp did not alert the district court to these issues, so we review for plain error. *See Mondragon-Santiago*, 564 F.3d at 361.

We have held that, "[a]bsent a contrary indication in the record," evidence that the court was made aware of relevant facts and arguments "implies that the district court was aware of and considered the § 3553(a) factors." *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000). Our review of the record shows that the parties and probation officer provided the district court with facts and arguments relevant to most of the § 3553(a) and § 5G1.3 factors. In addition, we conclude that the district court's statements "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). For the above reasons, we conclude that Sharp has not shown that the district court plainly erred.

AFFIRMED.