# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50449
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ARTURO CASTRO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2343-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Luis Arturo Castro appeals his guilty plea conviction and sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326.

Castro argues that his within-guidelines sentence was unreasonable because the Guidelines overstated his criminal history and failed to take into consideration his cultural assimilation and because neither the Guidelines nor the district court properly took into consideration the factors in 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a).  He further contends that the district court did not give sufficient reasons for his sentence and that under Rita v. United States, 127 S. Ct. 2456 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), a presumption of reasonableness does not apply to his sentence.

The district court committed no significant procedural error as it properly calculated the guideline range, did not treat the Guidelines as mandatory, and considered the § 3553(a) factors.  See Gall v. United States, 128 S. Ct. 586, 597 (2007).  Castro has not shown that the district court's statement of reasons constituted plain error.  United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000).  Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness.  See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006); see also Rita, 127 S. Ct. at 2462.  Castro has failed to demonstrate that his sentence is unreasonable.  See Gall, 128 S. Ct. at 597.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Castro challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, ___ S. Ct. ___, No. 07-6202, 2008 WL 59441 (Jan. 7, 2008).  The judgment of the district court is AFFIRMED.