IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50914
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE DE LA LUZ GRAJEDA-SIFUENTES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-372-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose De La Luz Grajeda-Sifuentes (Grajeda) appeals the sentence imposed for his illegal reentry into the United States after having been removed following a felony conviction in violation of 8 U.S.C. § 1326. Grajeda's guidelines range of imprisonment was 41 to 51 months, and the district court sentenced him to 41 months of imprisonment, to be followed by three years of supervised release. Grajeda contends that the wrongfulness of his illegal reentry was over-represented by the Guidelines because he was motivated by a desire to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present when his wife, who is a United States citizen, gave birth to his child. He also points to his rehabilitation and stable employment in Mexico after his previous deportation as evidence that there is a low risk that he will return again illegally.

Grajeda never objected to the district court's sentence as unreasonable, review of his sentence is for plain error only. United States v. Peltier, 505 F.3d 389, 390-93 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978); see also United States v. Hernandez, 485 F.3d 270, 272-73 (5th Cir.) (revocation context), cert. denied, 128 S. Ct. 325 (2007).

Grajeda does not allege any procedural error by the district court's in its sentencing proceedings. Grajeda contends that his within-guidelines sentence of 41 months of imprisonment was unreasonable in light of the district court's obligation to consider § 3553(a) factors such as ensuring that Grajeda's sentence would reflect the seriousness of the offense. However, the district court specifically noted that Grajeda's previous incarceration of 18 months did not deter him from returning to the United States illegally and that Grajeda was previously convicted for the felony drug trafficking offense of importation of 50 kilograms or more of marijuana—facts that weigh in favor of a heavier sentence in light of other § 3553(a) factors, such as promoting respect for the law, affording adequate deterrence to criminal conduct, and protecting the public from further crimes of the defendant. See § 3553(a)(2)(A)-(C). Thus, Grajeda has not shown that the sentence imposed by the district court constituted error, plain or otherwise. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). The judgment of the district court is affirmed. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000) (plain error standard).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Grajeda challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that

must be found by a jury.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.