# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-40957
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO BLANCO RUBIO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-377-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roberto Blanco Rubio pleaded guilty to illegal reentry into the United States subsequent to being deported after conviction of a felony, in violation of 8 U.S.C. § 1326. He was sentenced to a within-Guidelines sentence of 78 months of imprisonment and three years of supervised release.

Rubio maintains his sentence is procedurally unreasonable because the district court did not assign sufficient reasons to support the sentence it imposed. Rubio does not challenge the substantive reasonableness of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. By not objecting to the district court's failure to give specific reasons for the sentence, Rubio has relegated his claim to plain-error review. United States v. Lopez-Velasquez, 07-10151 & 07-10321, 2008 WL 1874577, at *1 (5th Cir. 29 Apr. 2008); United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000).

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation". Rita v. United States, 127 S. Ct. 2456, 2468 (2007). In Rita, the Court acknowledged the district court judge might have said more than that the range was not "inappropriate" and that a sentence at the bottom of the range was "appropriate", but was not required to do so. Id. at 2469.

Rubio's sole objection to the presentence investigation report (PSR) was that the penalty provisions of 8 U.S.C. § 1326(b) are unconstitutional, a contention that is foreclosed. See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008). At sentencing, Rubio requested a below-Guidelines sentence based on his family situation and background. When sentenced, Rubio was 39 years old, married, and the step-father of an 11 year-old boy. Rubio attended school in Mexico for only two years and worked in construction. After hearing Rubio's request for leniency, the district court adopted the PSR's findings and recommendation and imposed the sentence.

In the light of the statement found sufficient by the Court in Rita and the scant assertion Rubio advanced in support of a below-Guidelines sentence, Rubio has not shown the explanation given by the district court was clear or obvious error that affected the outcome of the proceedings, and has, therefore, not demonstrated plain error. See United States v. Olano, 507 U.S. 725, 734 (1993); Izaguirre-Losoya, 219 F.3d at 441.

AFFIRMED.

2