# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-41260
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS VASQUEZ-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-595-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Vasquez-Rodriguez (Vasquez) pleaded guilty to being an alien found unlawfully in the United States subsequent to a prior deportation. The district court sentenced Vasquez to a within-guidelines sentence of 57 months of imprisonment and three years of supervised release. On appeal, he challenges only his sentence.

Vasquez argues that his sentence is procedurally unreasonable because the district court did not assign sufficient reasons to support the sentence it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed. By not objecting to the district court's failure to give specific reasons for its sentence, Vasquez has relegated that claim to plain error review. United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008); United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000).

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 127 S. Ct. 2456, 2468 (2007). The record must merely show that the district court considered the parties' arguments and had a reasoned basis for its sentencing decision. Id.

Vasquez's sole objection to the presentence report (PSR) pertained to the calculation of his criminal history score, and he acknowledged at sentencing that his argument was without merit. At sentencing, Vasquez requested a below-guidelines sentence based on his minor role in his prior drug-trafficking-conspiracy convictions and the fact that those prior convictions unduly increased his sentencing range in this case. He also asked the district court to consider the fact that he illegally entered this country looking for new horizons. After hearing Vasquez's request for leniency, the district court adopted the PSR's findings and recommendation and imposed the sentence. The district court indicated in its written statement of reasons that it found no reason to depart from the guidelines range.

In light of the statement found sufficient by the Court in Rita and the scant argument Vasquez advanced in support of a below-guidelines sentence, Vasquez has not shown that the explanation given by the district court was clear or obvious error which affected the outcome of the proceedings, and he has therefore not demonstrated plain error. See United States v. Olano, 507 U.S. 725, 734 (1993); Izaguirre-Losoya, 219 F.3d at 441.

Vasquez also challenges the substantive reasonableness of his sentence. This court reviews a sentencing decision for "reasonableness," which is the equivalent of abuse-of-discretion review. United States v. Gall, 128 S. Ct. 586,

594 (2007). When the district court imposes a sentence within a properly calculated guideline range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, this court "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Moreover, a discretionary sentence imposed within a properly calculated guideline range, as occurred here, is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2466-68 (2007).

Vasquez argues that the sentence should nevertheless be vacated and the case summarily remanded on the basis of the Supreme Court's intervening decisions in Gall and Kimbrough v. United States, 128 S. Ct. 558 (2007), which, he urges, "have drastically altered the legal landscape of federal sentencing." The argument is not well-taken. Neither case overturned Rita. To the contrary, Gall reiterated that appellate courts may apply a presumption of reasonableness to a sentence within the pertinent guideline range. 128 S. Ct. at 597.

Vasquez contends that Kimbrough applies because the district court erroneously believed that it lacked the discretion to disagree with the policy behind prior-felony enhancement mandated under the Guidelines, in light of this court's precedent in United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006). Even prior to Kimbrough, this court's precedent offered district courts the opportunity to impose a sentence outside the guideline range. See United States v. Gomez-Herrera, 523 F.3d 554, 557 n.1 (5th Cir. 2008). The district court's comments at sentencing do not indicate that it would have been inclined not to apply the 16-level enhancement because of Vasquez's individual circumstances but believed it lacked the authority to do so. Consequently, the judgment of the district court is AFFIRMED.