# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40981
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN GOMEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-156-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ruben Gomez appeals his 235-month sentence following his guilty plea convictions for distribution of child pornography and attempting to persuade a female under the age of 18 to engage in sexual activity. He contends that his within-guideline sentence is procedurally unreasonable because the district court did not give a sufficient explanation for the sentence. Because Gomez did not object to the explanation at sentencing, we review this contention for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008). The district court listened to the arguments of the parties and indicated that it had read the defense objections, which requested a sentence below the applicable guideline range.  See United States v. Gomez-Herrera, 523 F.3d 554, 565 (5th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2463-65, 2468 (2007). There was no clear or obvious error that affected Gomez's substantial rights or rendered the sentence procedurally unreasonable. See United States v. Izaguirre Losoya, 219 F.3d 437, 441 (5th Cir. 2000).

Gomez also contends that in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), which issued after his sentence, the district court labored under a misconception that it could not sentence Gomez below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guideline policy. Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Gomez's arguments for a nonguideline sentence.  Accordingly, there was no reversible plain error.  See United States v. Campos-Maldonado, ___ F.3d ___, 2008 WL 2357364, at *2 (5th Cir. June 11, 2008)(No. 07-20715).

Gomez also contends that his sentence is substantively unreasonable because there is no empirical support for U.S.S.G. § 2G2.2, the Guideline governing child pornography.  He did not challenge the empirical grounds for § 2G2.2 in the district court, so his contention is reviewed for plain error. See id. Nothing in the record suggests that the district court disagreed with the policy behind the Guideline or believed that it was precluded by circuit precedent from imposing a lesser sentence in the face of § 2G2.2.  The judgment of the district court is thus affirmed as to the sentence imposed.

Gomez also contends that the written judgment includes special conditions of supervised release that were not included in the oral pronouncement of sentence.  The record reflects, and the Government concedes, that the oral

pronouncement of sentence did not include the special conditions stating that Gomez may not contact the victim or her family and may not "view, possess or have under his/her control, any nude depictions of children, [or] sexual oriented or sexual stimulating materials" and may not patronize places where sexually oriented materials are the "primary source of business." Accordingly, the case is remanded for the limited purpose of excising these special terms of supervised release from the written judgment. See United States v. Vega, 332 F.3d 849, 853 n.8 (5th Cir. 2003); United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).

AFFIRMED AND REMANDED.