# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-40384
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SANTOS TRINIDAD CAMPOS-SALAZAR,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-1373-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Santos Trinidad Campos-Salazar (Campos) pleaded guilty to being an alien unlawfully found in the United States following deportation and was sentenced to fifty-seven months of imprisonment. Campos argues that his sentence, which was within the recommended guidelines range, was unreasonable because the district court did not adequately explain the basis for imposing the within-guidelines sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campos did not challenge the adequacy of the district court's reasons for the sentence imposed in the district court. Accordingly, his argument is reviewed for plain error. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000). Campos thus must demonstrate that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected his substantial rights. Id. If these conditions are met, this court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In reviewing a district court's sentencing decision, this court must first determine whether the district court committed any significant procedural error. Gall v. United States, 128 S. Ct. 586, 597-98 (2007). The district court commits a procedural error if it miscalculates or fails to calculate the proper guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain its chosen sentence or any deviation from the guidelines range. Id. at 597. Although the Supreme Court in Rita v. United States stated that a sentencing judge "will normally" explain why he has rejected the defendant's arguments, the Court did not mandate that a sentencing court state reasons for rejecting a defendant's specific arguments for a lower sentence. 127 S. Ct. 2456, 2468 (2007). A sentencing judge is required only to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id.

Campos has not shown that the district court plainly erred by failing to sufficiently state its reasons for sentencing. The district court's adoption of the presentence report and its consideration of Campos's arguments for a downward departure and the § 3553(a) factors in determining his within-guidelines sentence constituted sufficient reasons for imposing his sentence. See Rita, 127

S. Ct. at 2468-69; United States v. Rodriguez, 523 F.3d 519, 525 (5th Cir.), cert. denied, No. 08-5101, 2008 U.S. LEXIS 8691 (Dec. 1, 2008); United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).

AFFIRMED.