**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40780
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANGEL CASTRO-NEPOMUNCENO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-193-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Angel Castro-Nepomunceno (Castro) appeals his 24-month sentence following his guilty plea to illegal reentry. He argues that the district court violated FED. R. CRIM. P. 32(i)(3)(B) when it did not make a specific ruling or finding on his request for a downward adjustment for time spent in state custody. Castro failed to object at sentencing to the district court's noncompliance with Rule 32. We review for plain error. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Reyna*, 358 F.3d 344, 349-50 (5th Cir. 2004) (en banc). Because the district court adopted the presentence report (PSR) and having considered the record as a whole, we are not left to second guess the basis for the district court's refusal to depart downward. *See United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994).

Castro argues that the district court, in failing to rule on his motion for downward departure and in not adequately explaining the basis for the sentence, committed a "significant procedural error." An appellate court's review of a sentence must start with whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Because Castro did not raise this argument in the district court, review is limited to plain error. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000).

At sentencing, the district court specifically stated that it considered the § 3553(a) factors and that a sentence within the guidelines range satisfied the objectives of § 3553. The district court committed no procedural error. *See Rita v. United States*, 127 S. Ct. 2456, 2468 (2007).

We are without jurisdiction to consider Castro's argument that the district court erred in denying his motion for a downward departure as there is no indication in the record that the district court was under the mistaken impression that it could not depart. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). We retain jurisdiction to review "whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir.), *cert. denied*, 128 S. Ct. 163 (2007). Because Castro did not object in the district court

to the unreasonableness of his sentence, review is for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

If the sentencing judge imposes a sentence within a properly-calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *See Rita*, 127 S. Ct. at 2462. The district court imposed a sentence at the bottom of the properly-calculated guidelines range after considering the § 3553(a) factors. Castro has failed to show that the sentence is unreasonable. The sentence is affirmed.

AFFIRMED.