**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 11-30064
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAM LEE TOLER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-273-10

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Adam Lee Toler appeals the sentence imposed following the revocation of his supervised release. He was sentenced to an 18-month term of imprisonment, which, as Toler effectively concedes, was within the applicable guideline range. Although he did not object to his sentence at the revocation hearing, Toler raised objections in a motion for reconsideration, which the district court denied.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The government contends that plain error review applies to all issues raised by Toler on appeal because he raised no objections at the revocation hearing.   Toler counters that the proper standard of review is abuse of discretion, contending that his motion for reconsideration was sufficient to preserve his issues for appellate review.  For reasons that are apparent in the following discussion, we need not determine whether issues raised for the first time in Toler's motion for reconsideration were preserved for appellate review.

Toler asserts that the district court erred in failing to consider the sentencing factors of 18 U.S.C. § 3553(a).  "[A]bsent a contrary indication in the record, a district court will be presumed to have considered and weighed the § 3553(a) factors." *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000).  Toler's motion for reconsideration brought to the attention of the district court the circumstances faced by his family, which formed the basis of his contention that a lesser sentence was warranted under the factors of § 3553(a).  By denying Toler's motion for reconsideration of his sentence, the district court implicitly rejected his claim that application of the sentencing factors warranted a lesser sentence.  *See United States v. Gonzales*, 250 F.3d 923, 930 (5th Cir. 2001).  Thus, even if the issue was preserved for appellate review, Toler has not shown reversible error.

Toler also claims that the district court erred by failing to explain the reasons for its sentence.  Because this issue was not raised either at the revocation hearing or in the motion for reconsideration, we review it for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To succeed under the plain error standard, Toler must show a forfeited error that is clear or obvious and that affects his substantial rights.  Then, even if we do so, we must exercise discretion in deciding whether to correct the error, doing so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citation omitted).

No. 11-30064

Although he provides details about the hardships faced by his family in his absence, Toler has not shown that an explanation for the district court's sentencing decision would have mandated a change of his within-guidelines sentence. Accordingly, he has failed to satisfy the plain error standard. *See Puckett*, 129 S. Ct. at 1429; *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009).

Toler insists that the district court abused its discretion in causing his revocation sentence to run consecutively to his 60-month sentence for the offenses of interstate travel in aid of racketeering and attempted arson. He also contends that imposition of a consecutive sentence is substantively unreasonable, given his circumstances. These issues lack merit. "The district court has the discretion to order that a sentence imposed on the revocation of supervised release run concurrently with or consecutively to other sentences." *Whitelaw*, 580 F.3d at 260. Toler's within-guidelines revocation sentence, which did not exceed the statutory maximum, was not plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed*, (May 27, 2011) (No. 10-10784); *Whitelaw,* 580 F.3d at 265. Even assuming *arguendo* that these issues were preserved for appellate review, Toler fails to show reversible error.

AFFIRMED.