## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2012

Lyle W. Cayce
Clerk

No. 11-41212
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK ORR,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-91-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Patrick Jason Orr was convicted after a jury trial of one count of bank robbery, and one count of possession of a firearm during the commission of a violent crime. The district court imposed a within-guidelines sentence of 188 months of imprisonment on the bank robbery count, the statutory minimum sentence of 120 months of imprisonment on the possession-of-a-firearm count, and a five-year term of supervised release for each offense. The district court ordered that the prison terms be served consecutively and that the supervised

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release terms be served concurrently. The district court further ordered that the instant terms of imprisonment be served consecutively to Orr's undischarged sentence for his prior conviction in the United States District Court for the Southern District of Alabama for being a felon in possession of a firearm and that his instant term of supervised release be served concurrently with the term of supervised release imposed for his prior conviction.

Orr argues that the district court erred in its decision to order his instant sentence to run consecutively to the undischarged sentence. He asserts that the district court failed to consider the methodology set forth in U.S.S.G. § 5G1.3 in determining whether the instant sentence should have been ordered to be served concurrently or consecutively with the undischarged sentence.

We review a sentence, including its consecutive nature, for reasonableness in light of the Guidelines and the factors set out in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *United States v. Candia*, 454 F.3d 468, 472 (5th Cir. 2006). However, if a defendant has failed to preserve a claim for relief, review is for plain error only. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). While it is not clear whether Orr's claim should be reviewed for plain error or for reasonableness, we need not determine which standard applies because Orr has not satisfied either standard.

The record belies Orr's assertions that the district court did not consider the pertinent sentencing factors. The presentence report (PSR) and counsels' arguments at sentencing alerted the district court to the relevant factors and, therefore, the district court is presumed to have considered them. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 & n.13 (5th Cir. 2011). The court expressly noted that it had fully considered the Sentencing Guidelines and the § 3553(a) factors before pronouncing the sentence. *See* § 5G1.3(c), p.s., comment. (n.3); § 3553(a)(2). Thus, the district court reviewed the relevant factors in deciding to order Orr's sentence to be served consecutively to his undischarged sentence. *See Izaguirre-Losoya*, 219 F.3d at 440.

No. 11-41212

Orr also argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing. He suggests that the consecutive nature of the prison terms imposed in this case rendered his sentence substantively unreasonable. Orr asserts that the district court should have considered reducing the sentence imposed for his bank robbery offense to account for the consecutive mandatory minimum sentence that the district court was required to impose for the possession-of-a-firearm offense. Because Orr did not object in the district court to the substantive reasonableness of his sentence, we review for plain error. *Mondragon-Santiago*, 564 F.3d at 361.

When selecting a defendant's sentence, the district court must make an individualized assessment based on the facts presented. *Gall*, 552 U.S. at 50. Here, the record shows that the district court made the proper individualized assessment. The court adopted the PSR and considered the parties' arguments regarding the proper sentence, particularly whether the instant sentence should be served concurrently or consecutively with Orr's undischarged sentence. The district court also considered the § 3553(a) factors and detailed how the sentence imposed satisfied those factors. Although Orr suggests that the district court should have reduced the sentence on his bank robbery count to account for the consecutive statutory minimum sentence, the sentence imposed for Orr's bank robbery offense was within the guidelines range, and Orr has not proffered an adequate argument for why this sentence was unreasonable. *See Candia*, 454 F.3d at 473. Orr's disagreement with his sentence does not suffice to rebut the presumption of reasonableness that attaches to it. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Accordingly, the district court's judgment is AFFIRMED.