# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50698
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MACEDONIO AGUIRRE-LOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1435-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Macedonio Aguirre-Loza appeals his within-guidelines sentence of 50 months of imprisonment, imposed upon his guilty plea conviction for illegal reentry into the United States following deportation. *See* 8 U.S.C. § 1326(a), (b)(2). As in the district court, he challenges the substantive reasonableness of his sentence and argues that it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50698

Aguirre-Loza's discretionary, within-guidelines sentence is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Aguirre-Loza argues that we should not apply the presumption of reasonableness to his sentence that was calculated under U.S.S.G. § 2L1.2 because the guideline is not based on empirical data. He recognizes, however, that his claim is foreclosed by circuit precedent and raises the issue in order to preserve it for further review. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009). Additionally, Aguirre-Loza avers that his sentence fails to reflect his personal history and characteristics, specifically, the fact that he returned to the United States to earn money to pay for his mother's surgery. *See* § 3553(a)(1). The record at sentencing, uncontroverted by other evidence, "implies that the district court was aware of and considered the § 3553(a) factors." *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000). Aguirre-Loza has failed to overcome the presumption of reasonableness that attaches to his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As to the sentence, Aguirre-Loza contends that it and the guidelines on which it is based overrepresent the seriousness of his illegal reentry offense, which is essentially only an international trespass offense. We previously have rejected this challenge. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). We have similarly declined to adopt the view that § 2L1.2 double counts prior convictions by using them to calculate both criminal history and the offense level. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

No. 14-50698

As to Aguirre-Loza's arguments that his sentence is greater than necessary to promote the § 3553(a)(2) factors, these essentially seek a re-weighing of those factors as applied to the facts of his case. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Aguirre-Loza has failed to show that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51. The decision of the district court is AFFIRMED.