United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11293
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN RODRIQUEZ,
also known as Juan Rodriguez,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:94-CR-24-ALL-C
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Juan Rodriquez was convicted following a guilty plea of

being a felon in possession of a firearm and was sentenced to

35 months' imprisonment to be followed by a three-year term

of supervised release.  After his term of supervised release

commenced, Rodriquez violated the conditions of his release,

and he was sentenced to 18 months' imprisonment following the

revocation of his supervised release.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriquez appeals from this sentence, arguing that it is plainly unreasonable and that the district court erred by failing to articulate its reasons for imposition of the sentence or its consideration of the applicable statutory factors in 18 U.S.C. § 3553(a), including the policy statements in Chapter 7 of the sentencing guidelines.

Rodriquez's sentence was within the statutory maximum and was not plainly unreasonable. See United States v. Mathena, 23 F.3d 87, 93-94 (5th Cir. 1994). Prior to sentencing, the district court was provided with an explanation of Rodriquez's violations, the Supervised Release Violation Report, stating the sentencing options and updating Rodriquez's personal history, and the argument of defense counsel. "Absent a contrary indication in the record, such evidence implies that the district court was aware of and considered the § 3553(a) factors." United States v. Izaguirre-Losoya, 219 F.3d 437, 440-42 (5th Cir. 2000). The district court implicitly considered the necessary factors and, thus, its failure to state its reasons was not plain error. See United States v. Gonzalez, 250 F.3d 923, 930-31 (5th Cir. 2001); Izaguirre-Losoya, 219 F.3d at 441-42.

AFFIRMED.