# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2011

No. 10-30459
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY JAMES CATON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20075-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gregory James Caton appeals the 24-month sentence imposed by the district court following the revocation of his supervised release. He argues that the district court reversibly erred by failing to consider the imprisonment range set forth in the policy statement of U.S.S.G. § 7B1.4 and by failing to articulate adequate reasons for deviating from that range.

Caton did not raise in the district court the arguments that he presents to this court. This court's review is therefore limited to plain error. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30459

*States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Caton must show that there is an error that is clear or obvious and that the error affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If these factors are established, the court has discretion to correct the forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

The record, which includes the probation officer's dispositional report, indicates that the district court implicitly considered the sentencing range set forth in the policy statements of the Guidelines. To the extent that Caton is contending that the district court erred by failing to consider the correct guidelines range, his argument fails to establish plain error as he fails to argue, and the record does not suggest, that the district court would have imposed a lesser sentence had it more explicitly considered the correct guidelines range. *See United States v. Davis*, 602 F.3d 643, 650-51 (5th Cir. 2010); *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Also, the district court's comments throughout the revocation hearings and prior to the pronouncement of sentence reflect extensive consideration of the nature and circumstances of Caton's violations of the conditions of his supervised release, as well as significant consideration of Caton's personal history and characteristics. Therefore, the record reflects implicit consideration of the factors set forth in § 3553(a)(1). The district court thus provided adequate reasons for the sentence imposed. *See Whitelaw*, 580 F.3d at 262-65. Further, Caton does not assert that a more thorough explanation by the district court would have changed his sentence. He has therefore failed to show that any error regarding the adequacy of the district court's reasons affected his substantial rights. *See id* at 264-65.

The judgment of the district court is AFFIRMED.