# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JANET LENELL EASTER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-241-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Janet Lenell Easter appeals the 24-month sentence imposed following the revocation of her supervised release for her conviction for possession with intent to distribute cocaine base. She argues that the district court erred in failing to consider the advisory policy statement of U.S.S.G. § 7B1.4. She contends that the record does not show that the district court was aware of the advisory range of 5 to 11 months of imprisonment or that it implicitly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11247

considered that range as set forth in the Supervised Release Violation Report (SRVR).

The Government maintains that we should review the district court's revocation sentence for plain error because Easter did not raise this specific objection below.  Easter argues that she had no opportunity to make this objection before the district court and therefore urges us to review her claim under the "plainly unreasonable" standard, which generally applies to revocation sentences.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  We need not decide which of these two standards apply, however, as both require an appellant to show that the district court erred, *see id.*; *Puckett v. United States*, 556 U.S. 129, 135 (2009), a showing Easter fails to make.

The record does not support Easter's assertion that the district court did not consider the policy statement in § 7B1.4.  The probation officer provided a SRVR to the district court that included § 7B1.4's recommended imprisonment range of 5 to 11 months in prison.  At the revocation hearing, the district court expressly referenced the SRVR, supporting the conclusion that the district court reviewed the SRVR and implicitly considered the policy statement and the advisory range discussed therein.  *See United States v. Caton*, 430 F. App'x 327, 329 (5th Cir. 2011) ("The record, which includes the probation officer's dispositional report, indicates that the district court implicitly considered the sentencing range set forth in the policy statements of the Guidelines."); *United States v. Rodriquez*, 102 F. App'x 373, 374 (5th Cir. 2004) (holding that the district court implicitly considered the necessary factors where the court was provided with an SRVR stating the sentencing options).  Thus, because Easter has not shown any error by the district court, her sentence is AFFIRMED.