# United States Court of Appeals for the Fifth Circuit

_____

No. 23-20207
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Scott Jackson Davis,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-214-1

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:*

Scott Jackson Davis pleaded true to violating various conditions of his supervised release, and the district imposed the statutory maximum sentence, 24 months, to run consecutively to a 78-month sentence imposed for charges filed in a concurrent indictment.

On appeal, Davis argues for the first time that the district court plainly erred by failing to consider the policy statements in Chapter 7 of the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20207

Sentencing Guidelines. Had the district court done so, Davis argues, it would have imposed a revocation sentence within the four- to ten-month advisory range.

There are no binding Sentencing Guidelines for revocation of supervised release. *See United States v. Headrick*, 963 F.2d 777, 780-82 (5th Cir. 1992). But the Sentencing Guidelines include non-binding policy statements concerning revocations, *see* Guidelines Manual Ch. 7, Pt. A and Pt. B, intro. Comment, and district courts are directed to consider those policy statements, along with the relevant factors enumerated in 18 U.S.C. § 3553(a), when imposing a revocation sentence, *see United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).

Contrary to Davis's argument, the record reveals that the district court indeed considered the Chapter 7 policy statements when it imposed the 24-month revocation sentence. For example, the district court expressly stated during the revocation hearing, and on the record, that it considered the Chapter 7 policy statements, and it also noted that it thought an upward variance from the guideline range was warranted "to protect the public from" further crime. Moreover, before the revocation hearing, the probation office provided the district court with a sentencing worksheet that showed, among other things, the advisory guideline range of four to ten months. These facts are sufficient for us to infer that the district court properly considered the Chapter 7 policy statements when it revoked Davis's term of supervised release.

Davis disagrees and insists that the district court should have at least recited that the advisory range was four to ten months on the record. But he does not cite any authority for the proposition that the district court was required to act at that level of specificity, and some of our prior cases (albeit unpublished) have rejected similar arguments. *See, e.g.*, *United States v.*

2

No. 23-20207

*Canton*, 430 F. App'x 327, 329 (5th Cir. 2011) ("The record, which includes the probation officer's dispositional report, indicates that the district court implicitly considered the sentencing range set forth in the policy statements of the Guidelines."); *United States v. Easter*, 668 F. App'x 589, 590 (5th Cir. 2016) (holding that the district court had considered the advisory range because it had expressly referenced a supervised release violation report during a revocation hearing, which contained the advisory guideline range). Thus, Davis has not shown that the district court committed any error, let alone a clear or obvious one. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is accordingly AFFIRMED.